# Smart Bros. v. Hodges.

*Statutory Trial of the Right of Property.*

1. *Trial of the right of property; general affirmative charge.*—Where, on a statutory trial of the right of property, upon which an execution had been levied, there is evidence tending to show that the judgment debtor was the owner of the property, and also evidence tending to show that the title to the property was in the plaintiff, the cause should be submitted to the jury with appropriate instructions upon the law bearing upon the issue; and it is error for the court to give the general affirmative charge in favor of either of the parties litigant.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

Smart Brothers recovered a judgment against George R. Hodges and Frank Bishop in the circuit court of Jackson county. Upon this judgment execution was issued, and levied upon a stock of goods which was in the possession of George R. Hodges. Upon the levy of this ex-

ecution on the said property, R. J. Hodges interposed a claim thereto, and issue was formed for the trial of the right to such property. Upon the trial of this issue, as is shown by the bill of exceptions, the plaintiff in execution introduced evidence tending to show that at the time the execution was levied upon the goods in controversy, George R. Hodges was in possession of them, occupying the store-house which he had occupied several years prior to such time. One of the witnesses for the plaintiff testified that he had known George R. Hodges, and his wife, L. L. Hodges, for many years, and had been more or less intimate with them for eight or ten years; that Mrs. Hodges did not receive any property from her father's estate, and so far as he knew, had no statutory separate estate, and that the store was owned by George R. Hodges.

The testimony for the claimant tended to show that ten days or two weeks prior to the levy of the execution upon said stock of goods, Mrs. L. L. Hodges made a deed of assignment to R. J. Hodges, the claimant, conveying the stock of goods which was levied upon to R. J. Hodges, as assignee, for the benefit of her creditors, and it was under this deed of assignment that the claimant interposed his claim. There was introduced in evidence a decree of the chancery court relieving Mrs. L. L. Hodges of the disabilities of coverture.

One Sherill was introduced as a witness for the claimant, and testified that he was a travelling salesman, and had, prior to the execution of the deed of assignment, several times, sold goods to Mrs. L. L. Hodges, as the owner of the store. George R. Hodges testified in behalf of the claimant that the stock of goods levied upon was, prior to the execution of the deed of assignment to R. J. Hodges, the property of his wife, L. L. Hodges; that he attended to the books and made collections, and transacted the business in the store as the agent of his wife. The court refused to give, at the request of the plaintiffs, the general affirmative charge in their behalf, and gave, at the request of the claimant, the general affirmative charge in his behalf; and to each of these rulings the plaintiffs separately excepted

There was judgment for the claimant. The plaintiffs appeal, and assign as error the rulings of the trial court upon the charges requested, and the judgment rendered.

[Smart Bros. v. Hodges.]

J. E. BROWN, for appellant.—The court should not have given the general affirmative charge in favor of the claimant.—3 Brick. Dig., 110, §§ 47, 55 and authorities cited ; *S. & W. R. R. Co. v. Jarvis*, 95 Ala. 149 ; *Bromley v. Bir. Min. R. R. Co.*, 95 Ala. 397.

No counsel marked as appearing for appellee.

McCLELLAN, J.—If the property involved in this case belonged to Geo. R. Hodges and not to L. L. Hodges, his wife, the assignment by the latter to the claimant, R. J. Hodges, for the benefit of her creditors, would of course be inoperative and the property should be subjected to the execution levied upon it at the suit of Smart Brothers against Geo. R. Hodges. Whether the property belonged to Geo. R. or to L. L. Hodges was, therefore, the issue in the trial of the right of property between the plaintiffs in execution and the grantee in the assignment. Without referring more particularly to the evidence, it will suffice to say that, in our opinion, it tended on the part of the plaintiffs to show that the property belonged to Geo. R. Hodges in that he was in possession of it at the time of the levy and it seems at all times prior to the alleged assignment and apparently up to that time dealt with it as his own, and also in that the jury might have inferred from the evidence—it was open to such inference—that Mrs. Hodges did not have the pecuniary means to purchase the property ; and this inference certainly lost nothing of its force by reason of the fact that Mrs. Hodges was not examined on the trial. The evidence of Geo. R. Hodges and Sherill, on the other hand, tended to show that Mrs. Hodges purchased the property in her own name and right and that the only connection Geo. R. had with it was as her agent. These divergent tendencies of the evidence presented a case which should have been submitted to the jury with appropriate instructions upon the law bearing upon the issue. The court, therefore, properly refused plaintiffs' request for the affirmative charge, and erred in giving the affirmative charge for the claimant.

Reversed and remanded.